UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANETA  LUPINSKA, ADMINISTRATRIX OF    ) CASE NO.:
THE ESTATE OF JOZEF LUPINSKI, ET AL
                                      )
          Plaintiffs,                 )
v.                                    )
                                      )
UNITED STATES OF AMERICA              )
                                      )
          Defendant                   ) MARCH 13  , 2020

## COMPLAINT AND DEMAND FOR JURY TRIAL

**THE PARTIES**

1. The Plaintiffs are Aneta Lupinska, Administratrix of the Estate of Jozef
   Lupinski, Deceased and  Helena Lupinska, the former wife of Jozef Lupinski,
   both residents of the State of Connecticut.

2. At all times mentioned herein the Defendant United States of America
   provided medical care to the decedent, Jozef Lupinski through its agents,
   servants and employees including physicians by way of Norwalk Community
   Health, Inc., (known as "NCH") a federally supported health center in
   Norwalk, Connecticut.

3. At all times mentioned herein, Cristina Smina MD was a licensed practitioner
   of internal medicine in the State of Connecticut holding herself out to the

1

general public as a competent physician and as a physician skilled and capable of engaging in the practice of internal medicine.

4. At all times mentioned herein, Sally Bergwerk MD was a licensed practitioner of internal medicine in the State of Connecticut holding herself out to the general public as a competent physician and as a physician skilled and capable of engaging in the practice of internal medicine.

5. At all times mentioned herein Dr. Bergwerk was a physician practicing medicine within the Norwalk Community Health Inc. and was acting as its agents, appearing agents, servants and or employees.  In her professional capacities as licensed physician and pursuant to her agency, servitude or employment with Norwalk Community Health Inc. and within their general authority to do so, Dr. Bergwerk treated patients including the decedent, Jozef Lupinski.

6. At all times mentioned herein Dr. Smina was a physician practicing medicine within the Norwalk Community Health Inc. and was acting as its agents, appearing agents, servants and or employees.  In her professional capacities as licensed physician and pursuant to her agency, servitude or employment

with Norwalk Community Health Inc. and within their general authority to do so, Dr. Smina treated patients including the decedent, Jozef Lupinski.

7. At all times mentioned herein, Dr. Smina was performing all services and duties as a physician within the scope and of her employment and/or agency and/or apparent agency with the United States of America and/or Norwalk Community Health Inc.

8. At all times mentioned herein, Dr. Bergwerk was performing all services and duties as a physician within the scope and of her employment and/or agency and/or apparent agency with the United States of America and/or Norwalk Community Health Inc.

9. The United States of America is the Party Defendant to this action as result of the tortious conduct of Dr. Smina and/or Dr. Bergwerk and NCH.

**JURISDICTION AND VENUE**

10. This court has jurisdiction of this matter pursuant to the provisions of the Federal Torts Claims Act, 28 U.S.C. Sections 2671 to 2680, 28 U.S.C. Section 1346(b) and 42 U.S.C. Section 233.

11. Venue is proper in this district under 28 U.S.C. Section 1402 because a substantial part of events given rise to these claims occurred in this district.

12. On or about March 22, 2019 the Plaintiff Aneta Lupinska, Administratrix of the Estate of Jozef Lupinski filed its claim for personal injuries to the United States Department of Health and Human Services – Office of General Counsel, General Law Division, Claims and Employment Law by filing a standard Form 95, a copy of said filing is attached as Exhibit A.

13. Receipt of the Administrative claim was confirmed on April 12, 2019, a true and accurate copy of which is attached as Exhibit B.

14. The United States has failed to make a final disposition of the Plaintiff Aneta Lupinska, Administratrix's  claim within six months after it was filed.

15. On or about June 3, 2019, the Plaintiff Helena Lupinska filed her claim for personal injuries to the United States Department of Health and Human Services – Office of General Counsel, General Law Division, Claims and Employment Law by filing a standard Form 95, a copy of said filing is attached as Exhibit C.

16. The receipt was confirmed on June 5, 2019, which is annexed as Exhibit D. The United States has failed to make a final disposition of the Plaintiff, Helena Lupinska's claim within six months after it was filed.

## COUNT ONE

**(Negligence As to the Defendant United States of America regarding the Conduct of Norwalk Community Health Inc., Dr. Cristina Smina and Dr. Sally Bergwerk.**

17. On or about August 15, 2016, the decedent Jozef Lupinski was involved in an automobile accident and underwent a CT -Chest W Large IV Contrast for trauma that occurred to his chest.

18. Said CTA -Chest with IV Contrast Radiology Report stated "there is a moderate illiation of the main pancreatic duct in the distal body and the tail of the pancreas.  This finding is non-specific and difficult to further characterize on this exam.  A stricture of the occult mass cannot be excluded without the benefit of a prior exam, follow-up MRI- MRCP of the pancreas with and without collodion is suggested." The CT Scan was performed at Norwalk Hospital.

19. Said report indicated it was sent to Dr. Cristina Smina at Norwalk Community Health Inc.

20. Said report was received by the Norwalk Community Health Inc. and was made a part of its file regarding its care and treatment of the decedent Jozef Lupinski.

21. The decedent Mr. Lupinski was discharged from Norwalk Hospital on August 18, 2016 and was instructed to follow-up with his primary care physician, Dr. Cristina Smina.

22. On August 24, 2016, Mr. Lupinski was seen by his primary care physician, Dr. Sally Bergwerk of the Norwalk Community Health Inc. for post-hospitalization follow-up.

23. On said visit and all subsequent visits, there was no mention by Dr. Bergwerk of the abnormal CT Scan nor the need for an MRI nor was any other action taken to order the MRI-MRCP.

24. At no time after August 16, 2016, there was no mention by Dr. Cristina Smina of the abnormal CT Scan nor the need for an MRI nor was any other action taken to order the MRI-MRCP.

25. On or about March 3, 2018, the decedent Jozef Lupinski was evaluated by the Dr. Sally Bergwerk for continued abdominal pain and a CT scan of the abdomen and pelvis was ordered.

26. The scan revealed multiple pulmonary emboli and what was ultimately determined to be metastatic pancreatic cancer.

27. Mr. Lupinski was then hospitalized at which time the diagnosis was confirmed.

28. Mr. Jozef Lupinski died on June 30, 2018 with a cause of death listed as colonic stricture and obstruction due to metastatic pancreatic cancer.

29. On January 29, 2019, Aneta Lupinska was appointed Successor Administratrix of the Estate of Jozef Lupinski and brings this action in her representative capacity pursuant to Connecticut General Statute 53-555.  A copy of said appointment is attached as Exhibit E.

30. The injuries and damages to the decedent Jozef Lupinski, herein after described were caused by the negligence, carelessness and deviations from the appropriate standard of care the United States by and through Norwalk Community Health Inc., Dr. Smina and/or Dr. Bergwerk and other agents, apparent agents, servants and/or employees of the Defendant United States of America in one or more of the following respects in that they:

   A. Failed to advise Jozef Lupinski of the findings of the CT Scan;

   B. Failed to advise Jozef Lupinski of the recommendation and need for a follow-up MRI-MRCP scan.

7

31. During the course of the treatment provided to the decedent Jozef Lupinski, Norwalk Community Health Inc. and/or doctors Bergwerk and Smina along with other agents, apparent agents, servants, and/or employees of the Defendant United States of America deviated from the acceptable standard of care incumbent upon a physician in medical practice proportionality skilled and specialized in internal medicine.

32. As a result of the negligence and carelessness of the Defendant through its agents, apparent agents, servants and/or employees, the decedent Jozef Lupinski suffered extreme emotional distress, mental and physical pain, and his death.

33. As a further result of the negligence and carelessness of these individuals, the decedent Jozef Lupinski required extensive treatment including chemotherapy and radiation and other treatments.   These treatments left the Plaintiff subject to physical pain and emotional distress.

34. As a further result of the negligence of these individuals, the decedent, Jozef Lupinski suffered a loss of the ability to enjoy life's activities.

35. As a further result of the Defendant's negligence, the Plaintiff suffered a painful death.

36. As a further result of the negligence and carelessness of the Defendant, the Plaintiff suffered a delay of nineteen months in the diagnosis of his pancreatic cancer and suffered an increased risk of future harm due to said delay in a diagnosis from August of 2016 to March of 2018.

37. The Good Faith Certificate Letters are annexed as Exhibit F and Exhibit G.

## COUNT TWO

**(Loss of Consortium As to the Defendant United States of America regarding the Conduct of Norwalk Community Health Inc., Dr. Cristina Smina and Dr. Sally Bergwerk.**

1-37. Paragraphs One through Thirty-Seven of the First Count are hereby made Paragraphs One through Thirty-Seven of this the Second Count as if fully stated herein.

38. As a result of the carelessness and negligence of the Defendant through its agents, servants and/or employees, the Plaintiff Helena Lupinska is and will in the future continue to be deprived of the care, comfort, society, affection, companionship and consortium of her husband all to her loss and detriment.

39. At the time of Jozef Lupinski's death, her husband, Ann Helena Lupinska had been married for forty years, she was disabled and he was responsible for her

care including  transportation, household chores, driving, cleaning, cooking, as well assisting her basic needs such as dressing and bathing.

40. As a result of the negligence of carelessness of the Defendants through its agents, servants and/or employees, Ms. Lupinska has suffered extreme emotional distress.

## DEMAND FOR JURY TRIAL

The Plaintiff asserts their right under the Seventh Amendment to the U.S. Constitution and demands in accordance with Federal Rules of Civil Procedure, Section 38 a Trial by Jury on all Issues.

## PRAYERS FOR RELIEF

Wherefore the Plaintiffs demand Judgment against the Defendant as follows:

1. Compensatory Damages including but not limited to damages for injury to the Plaintiff, the Estate of Jozef Lupinskl in the amount of $2,875,000.00;

2. Compensatory Damages including but not limited to damages for loss of consortium as to the Plaintiff  Helena Lupinska in the amount of $975,000.00.

2.  Compensatory Damages including but not limited to damages for loss of consortium as to the Plaintiff Ann Helena Lupinska in the amount of $975,000.00.

Respectfully Submitted,

THE PLAINTIFFS

BY_____

Richard H. Raphael
Federal Bar No.: CT06959
19 Ludlow Road
Westport, CT 06880
Phone: 203-226-6168
Fax: 203-226-6605

## CERTIFICATION OF SERVICE

I hereby certify that on MARCH 13, 2020, a copy of the foregoing document was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court' CM/ECF System.

Richard H. Raphael, Esquire
Fed. Bar No. CT06959

ANETA LUPINSKA, ADMINISTRATRIX OF )
THE ESTATE OF JOZEF LUPINSKI, ET AL ) CASE NO.:
                                     )
              Plaintiff,             )
                                     )
v.                                   )
                                     )
UNITED STATES OF AMERICA             ) ~~FEBRUARY~~ , 2020
                                     ) MARCH 13
              Defendant              )

## CERTIFICATION

    I hereby certify that I have made reasonable inquiry, as permitted by the

circumstances, to determine whether there are grounds for a good faith belief that there

has been negligence in the care and treatment of the Plaintiff Jozef Lupinski.  This

inquiry has given rise to a good faith belief on my part that grounds exist for an action

against the Defendant in this lawsuit.  I base this belief, in part, on the written and

signed medical opinions of similar health care providers attached hereto as Exhibits F

and G  in accordance with Connecticut General Statutes § 52-190a(as amended).

THE PLAINTIFFS

BY_____

      Richard H. Raphael
      Federal Bar No.: CT06959
      19 Ludlow Road
      Westport, CT 06880
      Phone: 203-226-6168
      Fax: 203-226-6605

# EXHIBIT A

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROVED
OMB NO. 1105-0008

| 1. Submit to Appropriate Federal Agency. | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Dept. of Health and Human Services-Office of General Counsel, General Law Division, Claims and Employment Law ATTN: CLAIMS Switzer Bldg , Suite 2600, Washington, DC 20201 | Aneta Lupinska, Administratrix of the Estate of Jozef Lupinski 44 Gideon Lane, Darien, CT 06820 C/O Attorney Richard H. Raphael 19 Ludlow Road Road, Westport, CT 06880 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| [ ] MILITARY [X] CIVILIAN | 03/19/1950 | Married | 06/30/2018 | 4:05 a.m. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

In August of 2016, Mr. Lupinski had an car accident and a CT Scan of his abdomen which showed findings on his pancreas and recommendations to have follow-up diagnostic tests. The CT Scan was sent to Norwalk Community Health, Inc a federally support health center in Norwalk, CT,which served as Mr. Lupinski's PCP. He was never advised of the findings or the need to have diagnostic tests. In March of 2018, nineteen months later he had severe stomach pains and was diagnosed with Stage IV pancreatic cancer that metastasized. He died June 30,2018. A binder with medical documents and expert reports is annexed

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

NONE

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Jozef Lupinski-Extreme pain for four months.-- Cause of damages -  pancreatic cancer metastasized to liver
Jozef Lupinski-Loss of life- 16 years- Cause of damages -  pancreatic cancer metastasized
Jozef Lupinski-Loss of enjoyment of life's activities- 16 years- Cause of damages -pancreatic cancer metastasized to liver
Loss of consortium of wife 16 years- Cause of damages - pancreatic cancer metastasized to liver

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Family members including daughter and Administrator Aneta Lupinska | 44 Gideon Lane Darien, CT 06820 | |

12. (See instructions on reverse).

AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | $200,000.— | $2,675,000.— | $2,875,000.— |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Aneta Lupinska, Administratrix | (203) 273-2285 | 3/22/19 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable 95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007) PRESCRIBED BY DEPT. OF JUSTICE 28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes  ☒ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT.  THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a)  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b)  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c)  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d)  Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT B



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of The General Counsel
General Law Division
Claims & Employment Law Branch
ATTN:   Claims – Torts Section
330 C Street, SW
Switzer Building – Suite 2600
Washington, DC 20201
Virgie.Barnes@hhs.gov

APR 12 2019

## CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Richard H. Raphael, Esq.
19 Ludlow Road
Westport, Connecticut   06880

Re:   Administrative Tort Claim of Aneta Lupinski, Administratrix of the Estate of
      Jozef Lupinski, Claim No.:   2019-0304

Dear Mr. Raphael:

Thank you for your correspondence and packet received in the office for consideration and reply. This will acknowledge receipt of your client, Aneta Lupkinski's administrative tort claim, filed for the wrongful death of Jozef Lupinski, as the result of alleged negligent medical care and treatment rendered to Jozef Lupinski, resulting in his death on June 30, 2018.

In order to evaluate your client's administrative tort claim, please forward the following substantiating evidence within thirty (30) days of receipt of this letter:

1.)   **THREE SEPARATE CD's** (can be on three separate thumb drives or three hard copies) of all pertinent medical records which relate to the allegations contained in the administrative tort claim;

2.)   **THREE SEPARATE CD's** (can be on three separate thumb drives or three hard copies) of all pertinent, X-rays, ultrasonography, computed tomography (CT) and magnetic resonance imaging (MRI);

3.)   Itemized bills pertaining to all pertinent medical and funeral expenses incurred by reason of the alleged incident;

4.)   An authenticated Death Certificate, or other competent evidence showing cause of death, date of death, and age of Jozef Lupinski at the time of death;

5.)   All Autopsy Reports, showing cause of death, including provisional and final;

Page 2 (Administrative Tort Claim of Aneta Lupinska, Administratrix of the Estate of Jozef Lupinski, 2019-0304)

6.)     Evidence of the appointment of the Administrator or the Executor of the Estate;

7.)     Evidence of your authority to represent your client in this matter;

8.)     Name(s) of all medical personnel involved in the alleged negligent medical care and treatment; and,

9.)     Any other evidence or information, which your client believes, will have bearing on the responsibility of the health center and its employees for the injuries and/or the damages claimed.

**AS ALL MAIL DELIVERED TO FEDERAL GOVERNMENT BUILDING IS X-RAYED/RADIATED, AND *MAY BE DAMAGED* DURING THE PROCESS, PLEASE FORWARD ALL EVIDENCE TO THIS OFFICE USING FEDEX, DHL OR UPS.   PLEASE DO NOT FAX MEDICAL EVIDENCE OR SEND CDs or X-RAYS BY U.S. MAIL.**

If you have previously shipped any of the above documents to this Agency, please indicate in your response and submit only those documents not previously provided to this office.

Please be advised that all evidence must be furnished by the claimant within a reasonable period of time.   By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her administrative tort claim within three months after a request for such evidence has been made, may be deemed an abandonment of the administrative tort claim.   Further, a claimant's failure to provide requested evidence during the administrative tort claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative tort claim.   See Swift v. United States, 614 F.2d 812 (1st Cir. 1980).

Sincerely,

Virgie R. Barnes
Paralegal Specialist, Torts
DHHS/OGC/General Law Division
Claims and Employment Law Branch

# EXHIBIT C

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Dept. of Health and Human Services-Office of General Counsel, General Law Division, Claims and Employment Law ATTN: CLAIMS Switzer Bldg, Suite 2600, Washington, DC 20201 | Helena Lupinska 43 Summitt Avenue, Norwalk, CT 06854 C/O Attorney Richard Raphael 19 Ludlow Road, Westport, CT 06880 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 10/21/1949 | 5. MARITAL STATUS Widowed | 6. DATE AND DAY OF ACCIDENT 06/30/2018 | 7. TIME (A.M. OR P.M.) 4:05 a.m. |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

In August of 2016 the Claimant Husband Jozef Lupinski had a car accident and a CT SCAN which showed findings on his pancreas and a recommendation for follow up. The scan was sent to Mr. Lupinski's PCP, Norwalk Community Health, a federally funded facility. He was never advised of the findings from the scan. In March of 2018 he was diagnosed with Stage IV pancreatic cancer. He died on 6/30/2018. A claim has been brought by Mr. Lupinski's estate (Claim# 2019-304.) This claim brought by his widow is a claim for loss of consortium based on same facts as to liability and causation and her own damages

**PROPERTY DAMAGE**

**9.** NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

**PERSONAL INJURY/WRONGFUL DEATH**

**10.** STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Loss of Consortium.--Claimant was married to decedent for 40 years. Claimant is disabled, suffering from chronic depression and spinal cord injuries. Decedent was responsible for Claimants care including cooking, dressing and bathing her and driving her.

**WITNESSES**

| 11. NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Self | 43 Summitt Avenue, Norwalk, CT 06854 |
| Aneta Lupinska | 44 Gideon Lane, Darien, CT 06820 |

**AMOUNT OF CLAIM** (in dollars)

| 12. (See instructions on reverse). | | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | | $975,000.00 | $975,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM 203-273-2285 | 14. DATE OF SIGNATURE 5/22/19 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

| 15. Do you carry accident insurance? ☐ Yes If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No |
|---|

| 16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No | 17. If deductible, state amount. |
|---|---|

| 18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts). |
|---|

| 19. Do you carry public liability and property damage insurance? ☐ Yes If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No |
|---|

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# EXHIBIT D



## DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201
megan.donley@hhs.gov

Date:    **JUN 0 5 2019**

Richard H. Raphael, Esq.
Attorney At Law
19 Ludlow Road
Westport, CT 06880

**Subj:**   **Administrative Tort Claim of Helena Lupinska,** Claim No. 2019-0444

Dear Mr. Raphael:

This will acknowledge the receipt of your administrative tort claim for loss of consortium, filed on behalf of your client, Helena Lupinska, alleging, *inter alia*, that, in August 2016, health care providers at Norwalk Community Health Center, Inc., located in Norwalk, Connecticut, failed to properly diagnose Mr. Lupinski with Stage IV pancreatic cancer, resulting in his death on June 30, 2018.   Your client's claim was received in the Claims Office on June 3, 2019 for consideration and reply.

Yours truly,

Megan R. Donley
Paralegal Specialist
Claims Office

# EXHIBIT E

FIDUCIARY'S PROBATE
CERTIFICATE
PC-450 REV. 7/15

| COURT OF PROBATE, Norwalk - Wilton Probate Court | DISTRICT NO. PD51 | |
|---|---|---|
| ESTATE OF/IN THE MATTER OF<br><br>Jozef Lupinski   (18-0539DR) | | DATE OF CERTIFICATE<br><br>January 29, 2019 |
| FIDUCIARY'S NAME AND ADDRESS<br><br>Aneta Lupinska, 44 Gideon Lane, Darien, CT 06820 | FIDUCIARY'S POSITION OF TRUST<br><br>Successor Administratrix | DATE OF APPOINTMENT<br><br>January 29, 2019 |

*The undersigned hereby certifies that the fiduciary in the above-named matter has accepted appointment, is legally authorized and qualified to act as such fiduciary because the appointment is unrevoked and in full force as of the above date of certificate.*

**This certificate is valid for one year from the date of the certificate.**

*Other limitation, if any, on the above certificate:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court on the above date of certificate.

*Stephanie Bergamo*

Stephanie Bergamo, Deputy Chief Clerk

**Court
Seal**

## NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED

FIDUCIARY'S PROBATE CERTIFICATE
PC-450

# EXHIBIT F

Diplomate of the American Board of Internal Medicine

November 12, 2018

Richard H. Raphael, esq.
19 Ludlow Road
Westport, CT  06880

Dear Mr. Raphael:

I have reviewed the forwarded materials regarding the case of Mr. Jozef Lupinski.  They
included the office records of Dr. Sally Bergwerk of the Norwalk Community Health Center as
well as the partial hospital records from Norwalk Hospital spanning the periods of
8/15/16-8/18/16 and 3/8/18-3/20/18.

I earned my doctorate degree from the George Washington School of Medicine in 1981 and I
completed an internal medicine residency at the Washington Hospital Center in 1984.  I became
board certified in 1984 and I have been continuously engaged in the practice of medicine ever
since.  My scope of practice has included both in-patient as well as out-patient medicine from
1984 thru 2013, following which I practiced only out-patient medicine.  I have always
maintained a primary care internal medicine practice.  During the time period in question, I have
evaluated and treated patients with hypertension, diabetes, hypercholesterolemia as well as
ordered radiology studies and interpreted the reports.

Mr. Lupinski was followed in the out-patient setting by Dr. Sally Bergwerk for many years.  He
was treated for diabetes, obesity and elevated lipids.  On 8/15/16, he was involved in a motor
vehicle accident and was evaluated in the Emergency Room of the Norwalk Hospital.  While in
the ER, a CT scan of the chest, abdomen and pelvis was ordered and was initially interpreted as
being normal with the exception of mild aneurysmal dilatation of the thoracic aorta.  Later that
day, an addendum reading was issued by Dr. Wasserman at 1712 hours.  That addendum noted
moderate dilatation of the main pancreatic duct in the distal body and tail of the pancreas.
Dr. Wasserman then stated that, "This finding is nonspecific and difficult to further characterize
on this exam.  A stricture or an occult mass cannot be excluded.  Without the benefit of the prior
exam, follow-up MRI-MRCP of the pancreas with and without gadolinium is suggested.  These
findings were also discussed with Dr. Andriuk."  That report was sent to Dr. Cristina Smina of
the Norwalk Community Health Center.  Mr. Lupinski was then admitted under the care of
Dr. Elizabeth Heuzey.  He was discharged on 8/18/16 and was instructed to follow-up with his
primary care physician, Dr. Cristina Smina.  The Discharge Summary was dictated by
Dr. Aliaksei Lis and failed to mention the abnormal CT scan as well as the follow-up radiological
instructions.

On 3/3/18, he was evaluated by Dr. Bergwerk for continued abdominal pain and a CT scan of the
abdomen and pelvis was ordered.  That scan revealed multiple pulmonary emboli and what

appeared to be metastatic pancreatic cancer. He was then hospitalized at which time that diagnosis was confirmed. Mr. Lupinski was then evaluated and treated by oncology for metastatic pancreatic cancer.

The standard of care requires a physician who receives critical medical information regarding a patient to ensure that either that physician personally evaluates and treats the patient or ensures that that information is sent and received by the treating physician. There is no evidence that at any time after the completion of the hospital CT scan in question was performed, did Dr. Cristina Smina evaluate or advise Mr. Lupinski regarding the CT abnormality nor did she inform him of the need for a follow-up MRI-MRCP scan. Therefore, I find that Dr. Smina violated the standard of care by those failings which are the proximate cause for any damages that have resulted from those omissions.

My opinions are based upon review of the records from the Norwalk Community Health Center and the Norwalk Hospital. My opinions are based upon my training, education and experience as an internist. I hold these opinions to be within a reasonable degree of medical certainty and I reserve the right to change and/or amend my opinions if and when additional information becomes available.

Sincerely,

# EXHIBIT G

Diplomate of the American Board of Internal Medicine

November 12, 2018

Richard H. Raphael, esq.
19 Ludlow Road
Westport, CT  06880

Dear Mr. Raphael:

I have reviewed the forwarded materials regarding the case of Mr. Jozef Lupinski.  They
included the office records of Dr. Sally Bergwerk of the Norwalk Community Health Center as
well as the partial hospital records from Norwalk Hospital spanning the periods of
8/15/16-8/18/16 and 3/8/18-3/20/18.

I earned my doctorate degree from the George Washington School of Medicine in 1981 and I
completed an internal medicine residency at the Washington Hospital Center in 1984.  I became
board certified in 1984 and I have been continuously engaged in the practice of medicine ever
since.  I hold licenses to practice medicine from the District of Columbia as well as from the
Commonwealth of Virginia.  My scope of practice has included both in-patient as well as out-
patient medicine from 1984 thru 2013, following which I practiced only out-patient medicine.  I
have always maintained a primary care internal medicine practice.  During the time period in
question, I have evaluated and treated patients with hypertension, diabetes, hypercholesterolemia
as well as ordered radiology studies and interpreted the reports.

Mr. Lupinski was followed in the out-patient setting by Dr. Sally Bergwerk for many years.  He
was treated for diabetes, obesity and elevated lipids.  On 8/15/16, he was involved in a motor
vehicle accident and was evaluated in the Emergency Room of the Norwalk Hospital.  While in
the ER, a CT scan of the chest, abdomen and pelvis was ordered and was initially interpreted as
being normal with the exception of mild aneurysmal dilatation of the thoracic aorta.  Later that
day, an addendum reading was issued by Dr. Wasserman at 1712 hours.  That addendum noted
moderate dilatation of the main pancreatic duct in the distal body and tail of the pancreas.
Dr. Wasserman then stated that, "This finding is nonspecific and difficult to further characterize
on this exam.  A stricture or an occult mass cannot be excluded.  Without the benefit of the prior
exam, follow-up MRI-MRCP of the pancreas with and without gadolinium is suggested.  These
findings were also discussed with Dr. Andriuk."  That report was sent to Dr. Cristina Smina of
the Norwalk Community Health Center.  Mr. Lupinski was then admitted under the care of
Dr. Elizabeth Heuzey.  He was discharged on 8/18/16 and was instructed to follow-up with his
primary care physician, Dr. Cristina Smina.  The Discharge Summary was dictated by
Dr. Aliaksei Lis and failed to mention the abnormal CT scan as well as the follow-up radiological
instructions.

3

On 8/24/16, Mr. Lupinski was then seen by his primary care physician, Dr. Sally Bergwerk for post-hospitalization follow-up. On that visit and all subsequent visits, there was no mention of the abnormal CT scan that was done during the hospitalization nor was any action taken to order the MRI-MRCP scan. On 3/3/18, he was evaluated by Dr. Bergwerk for continued abdominal pain and a CT scan of the abdomen and pelvis was ordered. That scan revealed multiple pulmonary emboli and what appeared to be metastatic pancreatic cancer. He was then hospitalized at which time that diagnosis was confirmed. Mr. Lupinski was then evaluated and treated by oncology for metastatic pancreatic cancer.

Given that the CT report was found in the office record of Dr. Sally Bergwerk with the date and time stamp of 8/15/16 5:33pm, the standard of care required her to inform Mr. Lupinski of those findings and to refer him for the MRI-MRCP scan. Since that was not done, I find that Dr. Sally Bergwerk violated the standard of care by failing to inform Mr. Lupinski of the abnormal CT scan results as well as failing to order the follow-up MRI-MRCP scan. These violations began with the office visit of 8/24/16 and continued thru the office visit of 3/3/18. Dr. Bergwerk's standard of care violations are the proximate cause for any damages which occurred by virtue of that delay.

My opinions are based upon review of the records from the Norwalk Community Health Center and the Norwalk Hospital. My opinions are based upon my training, education and experience as an internist. I hold these opinions to be within a reasonable degree of medical certainty and I reserve the right to change and/or amend my opinions if and when additional information becomes available.

Sincerely,